OPINION
Clyde Reynolds filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacates its order denying him temporary total disability ("TTD") compensation and which compels the commission to enter a new order granting the compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which includes a recommendation that we refuse to grant the requested relief.
Counsel for Mr. Reynolds has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. Counsel for Thrift Stores of Ohio, Inc. ("Thrift Stores"), which employed Mr. Reynolds at the time of his injuries, has also filed a memorandum in response to the objections. The case is now the court for a full, independent review.
Clyde Reynolds was injured on October 22, 1998. His workers' compensation claim has been allowed for "[s]prain left shoulder/arm; lumbar sprain/strain, dorsal sprain/strain.
In February of 2000, he applied for TTD compensation. His application was denied based upon the first Baker opinion, State ex rel. Baker v. Indus. Comm. (2000), 87 Ohio St.3d 56. When the Supreme Court reconsidered the first Baker opinion in State ex rel. Baker v. Indus. Comm. (2000), 89 Ohio St.3d 376, the commission refused to reconsider the merits of Mr. Reynolds' application.
Mr. Reynolds has filed this action in mandamus arguing that the second Baker opinion and other pertinent case law indicate that he should receive TTD compensation.
Mr. Reynolds was working as a bailer when he was injured. He was unable to do the heavy lifting required by his job for some months after the injury. He was fifty years old when the injury occurred.
On March 25, 1999, Mr. Reynolds ended his employment with Thrift Stores. He had returned to work on February 17, 1999. His attendance had been sporadic during the five weeks between the February 17 and March 25 dates. Some dates were missed allegedly due to doctors' appointments. Other days he left early or arrived late. On the last day, he resigned his employment without reporting to work. The next day he signed a form in which he indicated that he had resigned his employment after giving "one hour and16 minutes notice."
Mr. Reynolds did not immediately seek TTD compensation after he left his employment. However, after a need for surgery to improve his left shoulder and arm problems became apparent, he sought the compensation. He alleged that he had not voluntarily abandoned his employment but had left the employment because of harassment and verbal abuse on the job.
The record before us does not indicate whether Mr. Reynolds sought or accepted other employment after he left his job with Thrift Stores. Thus, we cannot determine whether or not the syllabus to the second Baker case applies. That syllabus reads:
 When a claimant who is medically released to return to work following an industrial injury leaves his or her former position of employment to accept another position of employment, the claimant is eligible to receive temporary total disability compensation pursuant to R.C. 4123.56(A) should the claimant reaggravate the original industrial injury while working at his or her new job.
The record before us indicates that Thrift Stores was attempting to classify Mr. Reynolds as having voluntarily abandoned his employment a month before he quit his job. We are slow to approve of an employer using harassment to make an injured workers' employment so miserable that the worker quits the job and then is punished with the loss of workers' compensation benefits. We cannot say that such harassment occurred here because the hearing officers who heard the case at the commission level ruled that the issue was inconsequential or irrelevant.
We believe that Mr. Reynolds should have the opportunity to develop the facts surrounding the reasons for the termination of his employment. If he was placed in a position where he was forced to quit due to harassment, his termination of employment cannot be considered a voluntary abandonment of his former position of employment. If the end of his employment with Thrift Stores was not voluntary in the normal sense of the word, he did and does not forfeit his entitlement to workers' compensation benefits.
We sustain the objections to the magistrate's decision. We adopt the findings of fact contained in the magistrate's decision, but not the conclusions of law. As a result, we issue a limited writ of mandamus which compels the commission to vacate its orders denying TTD compensation and which compels the commission to conduct further proceedings to determine whether or not the end of Mr. Reynolds' employment was voluntary.
Objections sustained; limited writ granted.
KENNEDY and BROWN, JJ., concur.